IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHERYL BAILEY                                                                                    PLAINTIFF

v.                                        CASE NO.         13-2090

CAROLYN W. COLVIN[1], Commissioner
of Social Security Administration                                                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I. Procedural Background:

The plaintiff filed an applications for DIB & SSI on October 29, 2010, alleging an onset date of January 1, 2010[2], due to plaintiff's rheumatoid arthritis and bad back. Plaintiff's applications were denied initially and on reconsideration. Plaintiff then requested an administrative hearing, which was held on November 8, 2011. Plaintiff was present and

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

[2] The onset date was modified by oral motion during the hearing to March 10, 2010. (T. 26).

-1-

represented by counsel.

At the time of the administrative hearing, plaintiff was 41 years of age and possessed a High School education plus two years of college. The Plaintiff had past relevant work ("PRW") experience as a EMT, scanning coordinator, sub teacher. (T. 167).

On February 17, 2012, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's obesity, rheumatoid arthritis, and chronic low back pain did not meet or equal any Appendix 1 listing. T. 12. The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform light work. T. 12. With the assistance of a vocational expert, the ALJ then determined Plaintiff could perform her pas relevant work as cashier and grocery checker. T. 16.

## II. Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the

decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

The court has reviewed the Briefs filed by the Parties, the Transcript of the proceedings before the Commission, including a review of the hearing before the ALJ, the medical records, and relevant administrative records and finds the ALJ's decision is supported by substantial evidence.

**A. Step Two:**

Step two of the regulations involves a determination, based on the medical evidence,

whether the claimant has an impairment or combination of impairments that significantly limits the claimant's ability to perform basic work activities. See 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe if there is no more than a minimal effect on the claimant's ability to work. *See, e.g., Nguyen*, 75 F.3d at 431. A slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities is not a severe impairment. SSR 96-3p, 1996 WL 374181 (1996); SSR 85-28, 1985 WL 56856 (1985). If the claimant is not suffering a severe impairment, he is not eligible for disability insurance benefits. 20 C.F.R. § 404.1520(c).

The Plaintiff alleges that the ALJ erred in failing to find her mental impairment severe. (ECF No. 13, p. 8). At step two of the sequential evaluation process, the claimant bears the burden of proving that he has a severe impairment. *Nguyen v. Chater*, 75 F.3d 429, 430-431 (8th Cir. 1996).

The court notes that the Plaintiff did not list any mental impairment as a basis for her disability claim when she filed in October 2010. (T. 166). The fact that the plaintiff did not allege the impairment as a basis for her disability in her application for disability benefits is significant, even if the evidence of the impairment was later developed. See *Smith v. Shalala*, 987 F.2d 1371, 1375 (8th Cir.1993); *Dunahoo v. Apfel*, 241, F. 3d 1033, 1039 (8th Cir. 2001).

In this case it does not even appear that any mental impairment claim was developed at the hearing because the court cannot find any mention of it in the transcript of the hearing. The ALJ is not obligated to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability. *Halverson v. Astrue*, 600 F.3d 922, 934 (8th Cir.2010).

The ALJ found it significant that Patricia J. Walz, Ph.D., believed that Plaintiff's anxiety was managed fairly well with only intermittent medication and her reported posttraumatic stress symptoms were not severe enough to qualify for a diagnosis (Tr. 50, 345). Dr. Walz noted that Plaintiff was able to drive, shop independently, talk to friends on the phone, and volunteer with a Court Appointed Special Advocate (CASA) program (Tr. 50, 345). Dr. Walz also noted that Plaintiff's speech was clear and intelligible, and her social skills, attention, and concentration were adequate (Tr. 50, 346).

The court finds that the ALJ properly determined that the Plaintiff's "crying spell" were not a severe impairment.

**B.  Residual Functional Capacity:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§ 404.1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all relevant evidence in the record. *Id*.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to

function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 citing *Lauer v. Apfel*, 245 F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

### 1. Credibility

In determining a claimant's RFC, " 'the ALJ must first evaluate the claimant's credibility.' " *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir.2007) (*quoting Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2002)). Assessing and resolving credibility issues is a matter that is properly within the purview of the ALJ. *Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996) (court will not substitute its own credibility opinion for that of the ALJ). As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). The court should , " defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Perks v. Astrue* 687 F.3d 1086, 1091 (C.A.8 (Ark.),2012). "The ALJ is not required to discuss each Polaski factor as long as the analytical framework is recognized and considered." *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir.2004).

The ALJ pointed out the substantial activities of daily living which the Plaintiff engaged in. (T. 14). Such activities are inconsistent with disabling pain. *See Pena v. Chater*, 76 F.3d 906,

908 (8th Cir. 1996) (ability to care for one child, occasionally drive, and sometimes go to the store); *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996) (ability to visit neighbors, cook, do laundry, and attend church); *Novotny v. Chater*, 72 F.3d at 671 (ability to carry out garbage, carry grocery bags, and drive); *Johnston v. Shalala*, 42 F.3d 448, 451 (8th Cir. 1994) (claimant's ability to read, watch television, and drive indicated his pain did not interfere with his ability to concentrate); *Woolf v. Shalala*, 3 F.3d 1210, 1213-1214 (8th Cir. 1993) (ability to live alone, drive, grocery shop, and perform housework with some help from a neighbor). Moreover, "acts such as cooking, vacuuming, washing dishes, doing laundry, shopping, driving, and walking, are inconsistent with subjective complaints of disabling pain." *Medhaug v. Astrue*, 578 F.3d 805. Cf. *Reed v. Barnhart*, 399 F.3d 917, 923-24 (8th Cir.2005); *Riggins v. Apfel*, 177 F.3d 689, 692 (8th Cir.1999) (finding activities such as driving his children to work, driving his wife to school, shopping, visiting his mother, taking a break with his wife between classes, watching television, and playing cards were inconsistent with plaintiff's complaints of disabling pain).

      The ALJ also considered inconsistencies between Plaintiff's allegations and the objective medical evidence. *Wagner*, 499 F.3d at 851 (subjective complaints may be discounted if there are inconsistencies in the evidence as a whole). For example, upon examination on December 15, 2010, Plaintiff's straight-leg raising was negative; she had no muscle spasms, weakness, or atrophy; her range of motion was normal, and she could hold a pen to write and touch her fingertips to her palm (Tr. 54, 338-339). On February 18, 2010, Plaintiff's erythrocyte sedimentation rate (ESR) Westergren was 11, where the reference range is 0-20 (Tr. 53, 272). Plaintiff's rheumatoid factor was 10 on March 2, 2010, where a normal range is 0-59 (Tr. 53, 268). A September 2009 MRI showed only minimal bulges and mild facet hypertrophy (Tr. 52,

237). A March 2, 2010, x-ray of Plaintiff's left knee showed trace joint effusion and no significant abnormality (Tr. 53, 329). These mild findings conflicted with Plaintiff's subjective complaints.

This court concludes that, because the ALJ gave several valid reasons for the ALJ's determination that Plaintiff was not entirely credible, and based upon a review of the record, the ALJ's credibility determination is entitled to deference, *see Renstrom v. Astrue*, 680 F.3d 1057, 1067 (8th Cir.2012).

### 2. RFC Determination

Doctor Sharon Keith, a non-examining consultive physician, provided a Physical RFC Assessment on March 15, 2011 finding the Plaintiff could lift 20 pounds occasionally, 10 pounds frequently, and stand and/or walk and sit for 6 hours in an 8-hour workday. (T. 366). Dr. Keith noted that Dr. Hoang, who performed a consultive physical exam on December 15, 2010, felt that the Plaintiff had "severe" limitations (T. 340) but she had normal range of motion for all joint (T. 338, 372) and that there was no sign of synovitis (swelling or inflamation). (T. 372). Plaintiff also had negative straight-leg raising, normal reflexes, no muscle weakness or atrophy, and a normal gait (Tr. 339). Her grip strength was 80% in the right hand and 90% in the left hand, and she was able to hold a pen to write and touch her fingertips to her palm (Tr. 339). A treating physician's own inconsistency may undermine or diminish the weight given to his opinions. *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006); *Garza v. Barnhart*, 397 F.3d 1087, 1089 (8th Cir. 2005) (physician's opinion inconsistent with own relatively mild examination findings). Dr. Keith, taking into account the physical exam by Dr. Hoang, the Plaintiffs's obesity and disc protrusion felt that the Plaintiff would be able to perform light work. ( Id.). Dr. Keith's opinion

was reviewed and affirmed by Dr. Jonathan Norcross on April 6, 2011.

The ALJ also properly gave little weight to the opinion of Plaintiff's nurse, Stephanie Ellis, APN (Tr. 54, 382). As a nurse, Ms. Ellis is considered an "other source" and is not entitled to the same weight given to "acceptable medical sources." See 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1). Ms. Ellis opined in a November 22, 2011, letter that Plaintiff had synovitis5 that made it difficult for her to maintain employment that involved lifting, pushing or pulling (Tr. 382). She also said that standing or sitting long periods of times increased Plaintiff's symptoms (Tr. 382).

The ALJ noted that the record contained no objective findings of synovitis (Tr. 54). In fact, on December 16, 2010, Plaintiff had no synovitis of any joint (Tr. 338). Plaintiff has pointed to no evidence of a diagnosis of synovitis or of continued joint swelling to support Ms. Ellis' opinion. On August 3, 2011, September 7, 2011, and September 14, 2011, Plaintiff had no joint swelling (Tr. 441-442). In addition, Ms. Ellis never restricted Plaintiff's activities, and the Plaintiff treating sources repeatedly recommended diet and/or exercise for the Plaintiff. Exercise and/or diet was recommended by Mercy Clinic notes on 05/14/09 (T. 260); 09/03/09 (T. 258); 10/05/09 (T. 256); 10/27/09 (T. 254); 11/30/09 (T. 252); 01/22/10 (T. 250); 02/04/10 (T. 248); 02/18/10 (T. 246); and 03/02/10 (T. 243).

The Eighth Circuit Court of Appeals has upheld the Commissioner's RFC assessment in cases where the ALJ did not rely on a treating physician's functional assessment of the claimant's abilities and limitations. *See Page v. Astrue*, 484 F.3d at 1043 (the medical evidence, state agency physician opinions, and claimant's own testimony were sufficient to determine RFC); *Stormo v. Barnhart*, 377 F.3d 801, 807-08 (8th Cir. 2004) (medical evidence, state agency

physicians' assessments, and claimant's reported activities of daily living supported RFC finding); *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir. 2004) (ALJ's RFC assessment properly relied upon assessments of consultative physicians and a medical expert, which did not conflict with the treating physician's records). It is the ALJ's function to resolve conflicts among 'the various treating and examining physicians.' " *Bentley v. Shalala*, 52 F.3d 784, 787 (8th Cir.1995). The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole. *Id*. *Johnson v. Apfel* 240 F.3d 1145, 1148 (C.A.8 (Neb.),2001).

The court finds that the ALJ properly considered the opinions of treating and non-treating sources in determining the Plaintiff's RFC.

**C.  Step Four:**

Step four requires the ALJ to consider whether the claimant retains the RFC to perform her past relevant work. The claimant bears the burden of demonstrating an inability to return to past relevant work. *Pate-Fires v. Astrue* 564 F.3d 935, 942 (C.A.8 (Ark.),2009) *citing Steed v. Astrue,* 524 F.3d 872, 875 n. 3 (8th Cir.2008).

In addition to properly evaluating Plaintiff's RFC, the ALJ also properly considered the demands of her past work and compared those demands to Plaintiff's RFC. The ALJ relied on the testimony of VE and the Dictionary of Occupational Titles (DOT) (Tr. 55). The regulations provide that the ALJ may elicit testimony from a vocational expert in evaluating a claimant's capacity to perform past relevant work. 20 C.F.R. § 404.1560(b)(2) ("We may use the services of vocational experts or vocational specialists ... to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity."). This

court has implicitly approved of an ALJ considering vocational expert testimony at step four of the evaluation process. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir.1994).

  The VE testified that Plaintiff's past relevant work as a cashier is generally performed at the light and unskilled level and her past relevant work as a grocery checker is generally performed at the light, semiskilled level (Tr. 31). The ALJ asked the VE to consider a hypothetical individual of the same age, education, and past work as Plaintiff who was limited to light work and occasional balancing, stooping, kneeling, crouching, crawling, and climbing of ramps and stairs, but no climbing of ladders (Tr. 32). Even though this hypothetical question included more limitations than the ALJ ultimately found the record supported, the VE still found that such an individual could perform the jobs of cashier and grocery checker as they are generally performed (Tr. 33).

  Testimony from a vocational expert ("VE") based on a properly-phrased hypothetical question constitutes substantial evidence. *See Cruze v. Chater*, 85 F.3d 1320, 1323 (8th Cir. 1996); cf. *Hinchey v. Shalala,* 29 F.3d 428, 432 (8th Cir. 1994) (when hypothetical question does not encompass all relevant impairments, VE's testimony does not constitute substantial evidence to support the ALJ's decision). The ALJ's hypothetical question needs to "include only those impairments that the ALJ finds are substantially supported by the record as a whole." Id. (citing *Stout v. Shalala,* 988 F.2d 853, 855 (8th Cir.1993)); see also *Morse v. Shalala*, 32 F.3d 1228, 1230 (8th Cir.1994). A hypothetical need not use specific diagnostic or symptomatic terms where other descriptive terms can adequately define the claimant's impairments. *Roe v. Chater*, 92 f.3d 672, 676 (8th Cir. 1996).

  The court finds that the Plaintiff's RFC, as determined by the ALJ, allowed her to return

to her past relevant work.

## IV.  Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision, and thus the decision should be affirmed.  The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

Dated  this March 5, 2014.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE